IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

**JANE DOE**,
        Plaintiff

v.

                                            CIVIL ACTION NO. 6:21-CV-59

**LIBERTY UNIVERSITY, INC.,**
and
**CHARLES TIPPETT**
        Defendants

## MEMORANDUM IN SUPPORT OF
## DEFENDANT CHARLES TIPPETT'S MOTION TO DISMISS

Defendant Charles Tippett states the following in support of his Motion to Dismiss.

### INTRODUCTION

Defendant Charles Tippett ("Tippett") has moved for dismissal of the Complaint against him pursuant to Rules 10(a) and 12(f). Plaintiff has failed to name all of the parties as required by Rule 10(a), and consequently all of the Complaint's allegations against this defendant should be stricken pursuant to Rule 12(f), requiring dismissal of the Complaint. Plaintiff attempts to proceed anonymously under the pseudonym "Jane Doe", yet she has identified Tippett by his real name in the Complaint, falsely accusing him of rape. Plaintiff has not obtained the Court's permission to proceed anonymously, and has not filed a motion seeking such permission or a protective order. Such a subterfuge is not permitted by Rule 10(a).

### ARGUMENT AND AUTHORITY

In a 2012 decision, Judge Urbanski surveyed the authorities and analyzed the rationale for Rule 10(a):

1

> The ultimate test for deciding if a plaintiff should proceed anonymously is whether plaintiff "has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe v. Frank,* 951 F.2d 320, 323 (11th Cir. 1992) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. Unit A Aug. 1981)). This presumption of openness is firmly rooted in our nation's law. *Doe 1 v. Merten*, 219 F.R.D. 387, 390 (E.D. Va. 2004). Courts have long held that the First Amendment protections of freedom of speech and press safeguard the public's right to attend trials, which must be "open to the public absent an overriding and clearly articulated interest to the contrary." *Id.* at 390-91 (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 576, 100 S. Ct. 2814, 65 L. Ed. 2d 973 (1980)). Indeed, anonymity is not contemplated by the Federal Rules of Civil Procedure. Rule 10(a) provides that "[t]he title of the complaint must name all the parties." The intent is to "'apprise the parties of their opponents and to protect the public's legitimate interest in knowing all the facts and events surrounding court proceedings.'" *Doe v. Hallock*, 119 F.R.D. 640, 643 n.1 (S.D. Miss. 1987) (quoting *Free Market Comp. v. Commodity Exch., Inc.*, 98 F.R.D. 311, 312 (S.D.N.Y. 1983)); *Doe v. Rostker*, 89 F.R.D. 158, 160 (N.D. Cal. 1981). Public access to a plaintiff's name "is more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings." *Stegall,* 653 F.2d at 185 (citing *Richmond Newspapers*, 448 U.S. 555, 100 S. Ct. 2814, 65 L. Ed. 2d 973).

*Doe v. Pittsylvania County*, 844 F. Supp 2d 724, 727-728 (W.D. Va. 2012). After acknowledging that there are some rare exceptions to the requirement of Rule 10(a), Judge Urbanski continued: "Still, it is the exceptional case in which a court allows a party to proceed anonymously. *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993) (allowing a party to proceed anonymously is a 'rare dispensation')." 844 F. Supp. 2d at 728.

In analyzing whether the facts presented to him justified the rare exception to the rule prohibiting anonymity, Judge Urbanski applied the five factors outlined by the Fourth Circuit in *James* to be considered by the courts in grappling with anonymity requests:  (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; (2) whether identification poses a

2

risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously. *Id.* at 238.  He concluded that the balance in the *Pittsylvania County* case weighed against anonymity and denied the plaintiff's request to proceed under a pseudonym:  "Plaintiff's concerns 'are not so extraordinary as to outweigh the inherent public interest in transparent judicial proceedings.'" [citations omitted]. 844 F. Supp. 2d at 746.

This Court in 2019 confronted the same issue in *Doe v. Liberty University*, 2019 U.S. Dist. LEXIS 101256 (W.D. Va. 2019).  Plaintiff had been a student at Liberty and filed a motion to proceed under a pseudonym. The Court weighed the five *James* factors and concluded that they did not support the motion.  In denying the motion, the Court gave plaintiff fourteen days to decide whether to continue with the case.  2019 U.S. Dist. LEXIS at *13.

Even more recently, Judge Cullen denied a plaintiff's request to proceed under a pseudonym.  In *Doe v. Va. Polytechnic Inst. & State Univ.,* 2021 U.S. Dist. LEXIS 100649 (W.D. Va. 2021), the Complaint was dismissed for failure to be served properly, but Judge Cullen stated that even if it had been properly served, he would have dismissed it for the Rule 10(a) violation.  The plaintiff did not seek leave of court to proceed anonymously until after the defendants had moved to dismiss for improperly proceeding under a pseudonym.  Judge Cullen reiterated that proceeding anonymously is "strongly disfavored by the federal courts."  2021 U.S. Dist. LEXIS at *4.

3

Application of the five *James* factors in the present case clearly demonstrates that the balance is in favor of disclosing plaintiff's identity.

**(1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature**;

Although plaintiff has not sought the Court's permission to proceed anonymously and thus has not asserted any justification, she might attempt to argue that her privacy should be preserved because the matter is sensitive and of a personal nature. Although courts in some cases involving sexual misconduct allegations have allowed a plaintiff to proceed anonymously, in those cases the relevant parties have usually *both* been identified only by pseudonym to preserve privacy. *See, e.g.*, *Doe v. Va. Polytechnic Inst. & State Univ.,* 2020 U.S. Dist. LEXIS 46319 (W.D. Va. 2020) (identifying the persons by the pseudonyms Jacob Doe and Jenna Roe). *Also see, Doe v. Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d 583 (E.D. Va. 2016) (John Doe and Jane Roe). In the latter case, Judge Ellis placed great importance on the fact that preserving the plaintiff John Doe's anonymity would also serve to protect the privacy of Jane Roe with whom the plaintiff had a relationship. *Id.* at 593, fn. 20.

Judge Ellis also noted the importance of protecting the privacy of John Doe in that case, given Jane Roe's accusation against him of rape:

> Rather, what justifies the use of pseudonyms here is plaintiff's status as an accused perpetrator of sexual misconduct—a rapist.[fn. omitted] If plaintiff is ultimately found not responsible as to Roe's new accusations of sexual misconduct, if any, as he was by the first panel to hear his case with respect to the October 27 incident, then he should not have his name forever associated in the public mind with an accusation that carries a significant social stigma.

4

*Id.* at 593-594.  In the present case, the plaintiff has accused Charles Tippett of rape, but has chosen to name him publicly in this lawsuit rather than using a pseudonym for him while she hides behind the veil of anonymity.  By causing Tippett to "have his name forever associated in the public mind with an accusation that carries a significant social stigma," *Id.* at 594, she has forfeited any claim that the sensitive nature of the allegations in this lawsuit require privacy.

**(2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;**

The Complaint contains no suggestion that any such retaliatory harm would result from plaintiff proceeding under her real name.

**(3) the ages of the persons whose privacy interests are sought to be protected**;

Plaintiff is an adult, not a minor, and there is no suggestion in the Complaint that her age requires special protection. She thus does not possess the type of "special vulnerability" that can weigh in favor of allowing child-plaintiffs to proceed anonymously. *Pittsylvania Cty.*, 844 F. Supp. 2d at 729.

**(4) whether the action is against a governmental or private party;**

The action is against private parties, which weighs against anonymity. *See Doe v. Merten*, 219 F.R.D. 387, 394 (E.D. Va. 2004) ("courts in general are less likely to grant a plaintiff permission to proceed anonymously when the plaintiff sues a private individual").  As Judge Urbanski noted in *Pittsylvania County*:

> Actions against the government do no harm to its reputation, whereas suits filed against private parties may damage their good names and result in economic harm. *SMU Association of Women Law Students* v. *Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979). Thus, it is a matter of "[b]asic fairness" that a private-party defendant's accusers participate in the suit under their real names. *Id.*

844 F. Supp. 2d at 730.

5

**(5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.**

The same considerations of fairness discussed in connection with factors 1 and 4 apply here as well. It is simply unfair for plaintiff to hold Charles Tippett up to public opprobrium by identifying him in this lawsuit, while she hides behind the veil of anonymity. Plaintiff had the option of identifying him by the use of a pseudonym but chose not to do so. Also, as Judge Urbanski noted, it is a matter of basic fairness that a private-party defendant's accuser participate in the suit under her real name.

## CONCLUSION

The allegations in the Complaint do not establish a substantial privacy right that outweighs the presumption of openness in judicial proceedings and fall woefully short of demonstrating the type of extraordinary circumstances that call for anonymity. Because Plaintiff has failed to comply with Rule 10(a), failed to seek leave from the Court to proceed anonymously, and cannot show that she is entitled to proceed anonymously, the Court should strike all allegations from the Complaint and dismiss the Complaint.

WHEREFORE, for the reasons set forth in this Memorandum, this defendant requests that the Complaint against him be dismissed and that he be awarded his costs.

**CHARLES TIPPETT**

__/s/  John E. Falcone_____
            Counsel

John E. Falcone (Va. Bar #17879)
jfalcone@pldrlaw.com
Luke J. Malloy, III (VSB # 94877)
lmalloy@pldrlaw.com
PETTY, LIVINGSTON, DAWSON & RICHARDS
P.O. Box 1080
Lynchburg, VA  24505
Phone:  434-846-2768  Fax:  434-847-0141
counsel for defendant Charles Tippett

## **CERTIFICATE**

I hereby certify that on this 21st day of December, 2021 I electronically filed the foregoing Motion with the Clerk of the Court using the CM/ECF system, which will serve plaintiff's counsel via e-mail.  I further certify that I have served Liberty University by email.

      /s/  John E. Falcone  
      Counsel for Defendant Charles Tippett

John E. Falcone (Va. Bar #17879)  
PETTY, LIVINGSTON, DAWSON & RICHARDS  
P.O. Box 1080  
Lynchburg, VA  24505  
Phone:  434-846-2768  
Fax:  434-847-0141  
jfalcone@pldrlaw.com