IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:21-cv-00059-NKM |
| | ) | |
| LIBERTY UNIVERSITY, INC., *et al.* | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## LIBERTY UNIVERSITY, INC.'S ANSWER TO COMPLAINT

Defendant Liberty University, Inc. ("Liberty" or the "University"), by counsel, sets forth the following as its Answer to the Complaint filed by Plaintiff Jane Doe. Liberty files this Answer subject to, and without any intention to waive, the arguments set forth in its Rule 12(b)(6) Motion to Dismiss Counts I, III and IV of the Complaint and supporting Memorandum, previously filed at ECF Nos. 15 & 16.

## SUMMARY

Liberty denies the allegations in the unnumbered "summary" that precedes the specific allegations of the Complaint, as such allegations mischaracterize Liberty's response to Jane Doe's reported sexual assault. Liberty avers that it made numerous attempts to communicate with, and provide various information and resources (including on- and off-campus resources, reporting options, options for formal and informal resolution, available supportive measures, etc.) to, Plaintiff regarding her reported assault on October 30, 2020. Moreover, Liberty informed Doe that the policy affords parties amnesty for any pre-martial sexual misconduct, drug use, or alcohol use related to the alleged incident. Doe has not been disciplined for anything related to this incident, nor was she ever informed by Liberty that she could be.

1

Liberty fully followed both its policies and federal law in responding to Plaintiff's alleged assault, as it does with all reports of assault or harassment that it receives.  Plaintiff, who admits elsewhere in her Complaint that she was at times "less responsive to the Title IX Office" chose to abandon the grievance process before Liberty could investigate her claims. Specifically, just as Liberty was beginning to investigate her claims, Jane Doe cut off all contact from the investigators despite their multiple attempts to reach her through phone and email.

Thus, Liberty denies that Plaintiff is entitled to any relief, and it further denies the assertion in Plaintiff's "summary" that Liberty's response to sexual assaults in general is in any way deficient.

## PARTIES

1.      Regarding the allegations contained in Paragraph 1 of the Complaint, Liberty avers it is a 501(c)(3) non-stock corporation with an educational mission that offers both residential and online degree programs in accord with its mission.  Liberty admits that its total enrollment exceeds 100,000 students. The remaining allegations in paragraph 1 are denied.

2.      Regarding the allegations contained in Paragraph 2 of the Complaint, Liberty denies Mr. Tippett graduated in May 2021.  Liberty is without sufficient information to admit or deny the allegations regarding Mr. Tippett's current whereabouts or residency.

3.      Liberty admits the allegations in paragraph 3 of the Complaint that Plaintiff was a Liberty student during the time of events described in her complaint.  Liberty is without sufficient information to admit or deny the allegations regarding Plaintiff's current residence or anticipated graduation date.

**JURISDICTION**

4.      Paragraph 4 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Liberty admits the allegations in Paragraph 4.

5.      Regarding the allegations in Paragraph 5 of the Complaint, Liberty admits that, like many other institutions of higher education, many Liberty students receive federal financial aid so Liberty is subject to Title IX.  Liberty denies the remaining allegations in Paragraph 5.

**VENUE**

6.      Paragraph 6 of the complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Liberty does not contest that venue appropriately lies in the United States District Court for the Western District of Virginia, Lynchburg Division.

**FACTS**

7.      Regarding the allegations in Paragraph 7 of the Complaint, Liberty admits that Plaintiff began attending Liberty in 2019 and is currently a Liberty student.  Liberty is without sufficient information to admit or deny the remaining allegations in Paragraph 7 and calls for strict proof of those allegations.

8.      Upon information and belief, Liberty admits that Plaintiff was located in Lynchburg, Virginia and enrolled as a Liberty student at the time of the alleged incident.  If Plaintiff is asserting that she was attending classes at the University when the alleged incident occurred, Liberty denies that allegation as Plaintiff stated the alleged assault occurred off-campus at a time when classes were not taking place.

9.      Regarding the allegations in Paragraph 9 of the Complaint, Liberty admits that in Fall 2020, Plaintiff participated in a club sport at Liberty.

10.     Liberty is without sufficient information to admit or deny the allegations in Paragraph 10 of the Complaint regarding the reasons why Plaintiff decided to attend Liberty. Thus, Liberty calls for strict proof of those allegations.

11.     Liberty is without sufficient information to admit or deny the allegations in Paragraph 11 of the Complaint regarding the religious commitment of Plaintiff's family.  Thus, Liberty calls for strict proof of those allegations.

12.     Liberty admits the allegations in Paragraph 12 of the Complaint.

13.     Liberty is without sufficient information to admit or deny the allegations in Paragraph 13 of the Complaint and calls for strict proof of those allegations.  Further, Liberty avers that on or about November 2, 2020, its Office of Equity and Compliance ("OEC" or "Title IX Office") received a report from a Liberty employee that Plaintiff stated she had been drugged and raped by a close friend at his off-campus apartment.  Staff in Liberty's Title IX Office reached out to Plaintiff the next day about the reported incident and followed up thereafter, but Plaintiff did not identify her alleged assailant until almost half a year later on April 16, 2021.

14.     Liberty is without sufficient information to admit or deny the allegations in Paragraph 14 of the Complaint and calls for strict proof of those allegations.

15.     Liberty is without sufficient information to admit or deny the allegations in Paragraph 15 of the Complaint and calls for strict proof of those allegations.

16.     Liberty is without sufficient information to admit or deny the allegations in Paragraph 16 of the Complaint and calls for strict proof of those allegations.  Further, Liberty admits that Plaintiff reported to Liberty that the alleged assault occurred when she went to visit Mr. Tippett at his off-campus apartment.

17.    Liberty is without sufficient information to admit or deny the allegations in Paragraph 17 of the Complaint and calls for strict proof of those allegations.  Further, Liberty admits that Plaintiff reported to Liberty that she consumed alcohol while visiting Mr. Tippett at his off-campus apartment.

18.    Regarding the allegations in Paragraph 18 of the Complaint, Liberty admits that Tippett resided in an off-campus apartment in Lynchburg during the 2020 Fall semester.  Liberty is without sufficient information to admit or deny the remaining allegations in Paragraph 18 of the Complaint and calls for strict proof of those allegations.

19.    Liberty is without sufficient information to admit or deny the allegations in Paragraph 19 of the Complaint and calls for strict proof of those allegations.

20.    Liberty is without sufficient information to admit or deny the allegations in Paragraph 20 of the Complaint and calls for strict proof of those allegations.  Further, Liberty admits that Plaintiff reported to Liberty that she consumed alcohol while visiting Mr. Tippett at his off-campus apartment.

21.    Liberty is without sufficient information to admit or deny the allegations in Paragraph 21 of the Complaint and calls for strict proof of those allegations.  Further, Liberty admits that Plaintiff reported to Liberty that she consumed alcohol while visiting Mr. Tippett at his off-campus apartment.

22.    Liberty is without sufficient information to admit or deny the allegations in Paragraph 22 of the Complaint and calls for strict proof of those allegations.

23.    Liberty is without sufficient information to admit or deny the allegations in Paragraph 23 of the Complaint and calls for strict proof of those allegations.

24.     Liberty is without sufficient information to admit or deny the allegations in Paragraph 24 of the Complaint and calls for strict proof of those allegations.

25.     Liberty is without sufficient information to admit or deny the allegations in Paragraph 25 and calls for strict proof of those allegations.

26.     Liberty is without sufficient information to admit or deny the allegations in Paragraph 26 of the Complaint and calls for strict proof of those allegations.

27.     Liberty is without sufficient information to admit or deny the allegations in Paragraph 27 of the Complaint and calls for strict proof of those allegations.  Liberty admits that Plaintiff reported going to a hospital the next day and that she described an examination that is consistent with what is known as a "rape kit," but Plaintiff did not provide the results of that examination to Liberty.

28.     Liberty is without sufficient information to admit or deny the allegations in Paragraph 28 of the Complaint and calls for strict proof of those allegations.

29.     Liberty is without sufficient information to admit or deny the allegations in the first sentence of Paragraph 29 of the Complaint. Regarding the remaining allegations of Paragraph 29, Liberty admits that her coach, as a Responsible Employee under Liberty's Discrimination, Harassment and Sexual Misconduct Policy (Title IX Policy), was required to and did in fact, report to the Title IX Office Plaintiff's allegation that she had been raped.

30.     Regarding the allegations in Paragraph 30 of the Complaint, Liberty admits that on November 3, 2020, Erica Woolfolk, an investigator in its Title IX Office, reached out to the Plaintiff via email and invited Plaintiff to meet and discuss what happened.  Ms. Woolfolk provided a link to Liberty's Title IX Policy and listed various support services available to Plaintiff.  Liberty also admits that Plaintiff would not identify her alleged assailant at that time.

Liberty admits Ms. Woolfolk did not state in her email to Plaintiff that Plaintiff's report of assault would remain confidential because – as set forth in the Title IX Policy and consistent with Title IX regulations promulgated by the U.S. Department of Education – while Liberty seeks to protect the privacy of those involved in an investigation to the extent reasonably possible, Liberty may need to disclose information from a report to in order to properly respond to a report of sexual assault or harassment, as well as for review by Liberty's Threat Assessment Team and Clery Coordinator.

31.     Regarding the allegations in Paragraph 31 of the Complaint, Liberty is without sufficient information to admit or deny whether and/or why Doe was reluctant to report the identity of her alleged attacker.  Liberty adamantly denies the allegations that it has failed to protect victims of sexual assault, and it further denies that it punishes victims of sexual assault rather than perpetrators.  While respecting policy-based due process and the privacy of the parties, Liberty responds promptly to all reports of sexual harassment (including sexual assault) in a manner that seeks to immediately eliminate any harassment, remedy its effects, and prevent its recurrence.

32.     Liberty denies the allegations in Paragraph 32 of the Complaint.  Further, Liberty avers that Plaintiff was not "targeted" for her alcohol consumption, nor does the Complaint allege that she was subjected to any disciplinary action for such alcohol consumption.  In fact, Plaintiff never expressed concern over – and openly acknowledged – her consumption of alcohol when she met with staff from the Title IX Office.  Further, as explained in the Summary section above, Liberty has a written amnesty policy stating that parties to an investigation of sexual assault will not be disciplined for alcohol or drug use related to the alleged incident.  Thus, the allegation that "her concerns proved to be well founded" is false.

33.     Regarding the allegations in Paragraph 33 of the Complaint, Liberty admits that Plaintiff reported that she was sexually assaulted.  Liberty admits that, in keeping with its Title IX Policy (page 33), it created an audio-recording of this meeting with Plaintiff.  Liberty admits it did not provide Plaintiff with a copy of that recording, but that is only because Plaintiff never asked for a copy or transcript of the recording.  Had she done so, and in compliance with the Family Educational Rights and Privacy Act (FERPA), Liberty would have allowed Plaintiff to inspect and review this audio-recording.

34.     Liberty is without sufficient information to admit or deny the allegations in the first sentence of Paragraph 34 of the Complaint and calls for strict proof of those allegations. Liberty admits that it later informed Plaintiff that it had received a report identifying her alleged assailant, but Plaintiff did not confirm that person's identity until five months later, in April of 2021.

35.     Regarding the allegations in Paragraph 35 of the Complaint, Liberty admits that a lengthy meeting between Ms. Woolfolk, Plaintiff and Plaintiff's advisor took place in April of 2021 in which Plaintiff identified her alleged assailant.  Liberty admits that, in keeping with its Title IX Policy (page 33), it created an audio-recording of this meeting with Plaintiff. Liberty admits it did not provide Plaintiff with a copy of that recording, but that is only because Plaintiff never asked for a copy or transcript of the recording. Had she done so, and in compliance with the Family Educational Rights and Privacy Act (FERPA), Liberty would have allowed Plaintiff to inspect and review this audio-recording.

36.     Regarding the allegations in Paragraph 36 of the Complaint, Liberty admits that its Title IX staff discussed both formal and informal complaint resolutions with the Plaintiff, but Liberty denies that anyone in the Title IX Office "lobbied" Plaintiff to pursue informal

resolution.  Liberty also denies that its Title IX Office discouraged Plaintiff from pursuing a formal complaint, and, in fact, Plaintiff promptly lodged a formal complaint after she identified her alleged assailant (i.e., Plaintiff expressed a desire to consider her options for resolution that were objectively presented by Liberty before choosing to make a formal complaint).  Liberty denies that it advised Plaintiff that she would need to face her alleged assailant in the same room, as the Title IX Office has an option for remote live-steam attendance.  Instead, Liberty informed Plaintiff that the live hearing was a virtual event, and that neither formal nor informal resolution required that the Plaintiff actually sit in the same room with her alleged assailant.

37.     Regarding the allegations in Paragraph 37 of the Complaint, Liberty admits it did not advise Plaintiff to file a criminal complaint, but it further avers that it did not dissuade Plaintiff from doing so (i.e., all options were presented objectively for Plaintiff to consider and decide which, if any, to pursue).  Liberty informed Plaintiff, both orally and in writing, that Plaintiff could report the incident to the Liberty University Police Department and get information from LUPD on how to secure a no-contact order.  Liberty denies that it made statements that contradicted the written guidance provided to Plaintiff, and the Complaint does not specifically identify any such contradictory statements.   Liberty also denies that its Title IX Office did not explain other resources available to Plaintiff, as Ms. Woolfolk provided Plaintiff with a list of potential supportive measures in her November 3, 2020 email to Plaintiff, and she sent Plaintiff a five-page resource document regarding supportive measures as an attachment to a November 20, 2020 email.  Ms. Woolfolk also encouraged Plaintiff to reach out to Liberty's Collaborate, Assess, Resource, Empower team (CARE) team as a resource.  Moreover, the Title IX Policy (which Woolfolk provided to Plaintiff as a link in her November 3, 2020 email) also contains a list of on- and off-campus resources and supportive measures available to Plaintiff.

9

38.     Liberty denies the allegations in Paragraph 38 of the Complaint that Plaintiff did not consent to Liberty notifying her alleged assailant of her claim.  After Plaintiff signed a formal complaint in April 2021, in keeping with Liberty's Title IX Policy (page 35), Ms. Woolfolk emailed a notice of formal complaint simultaneously (but separately) to Plaintiff and her alleged assailant.  Such notice, in accord with Liberty's Title IX Policy and federal law, included the allegations Plaintiff had made against the him.

39.     Liberty denies the allegation in Paragraph 39 of the Complaint that it advised Plaintiff her only recourse was the Liberty Way.  Liberty avers that in accord with Title IX regulations that are also reflected in its Title IX Policy, Liberty was <u>required</u> to dismiss Plaintiff's formal complaint under Title IX because the alleged incident did not occur in an education program or activity controlled by Liberty, nor did it occur on property owned or controlled by Liberty.  However, as Liberty informed Plaintiff, and as permitted under the Title IX regulations, Liberty planned to continue its investigation of the alleged sexual assault under the Liberty Way, its student conduct policy that strictly prohibits sexual harassment (including sexual assault) and applies no matter where the alleged misconduct (here sexual assault) occurred.  Liberty takes allegations of sexual assault very seriously and ensures that there is an appropriate way to respond to those allegations even when they fall outside the jurisdiction of Title IX.

40.     Liberty is without sufficient information to admit or deny the allegations in Paragraph 40 of the Complaint and calls for strict proof of those allegations.

41.     Liberty is without sufficient information to admit or deny the allegations in Paragraph 41 of the Complaint and calls for strict proof of those allegations.

42.     Liberty is without sufficient information to admit or deny the allegations in Paragraph 41 of the Complaint and calls for strict proof of those allegations.

43.     Liberty denies the allegations in Paragraph 43 of the Complaint.  Plaintiff was not thwarted from pursuing a complaint against her alleged assailant.  Rather, Plaintiff herself chose not to do so for months after the alleged assault.   Plaintiff signed a formal complaint on April 16, 2021, more than five months after the reported incident, but Plaintiff unilaterally broke off communications with the Title IX Office shortly thereafter when she emailed Ms. Woolfolk that she had sought legal counsel and would be in touch the following week.  The Title IX Office made multiple attempts to contact Plaintiff to move forward with its investigation, but to no avail.  Further, Liberty denies that it "stalled" the process for any reason, as the Title IX Office promptly responded to Plaintiff's complaint to the extent she permitted.

44.     The allegations in Paragraph 44 of the Complaint relate to alleged retaliation by unidentified individuals in an unspecified internship program.  It is unclear whether the internship program was part of Liberty or a third-party, as well as whether Plaintiff alleges that she expressed the type of claim or the basis on which she intended to take legal action against Liberty (i.e., whether she mentioned Title IX or discrimination).  Thus, Liberty is without sufficient information to admit or deny the allegations in Paragraph 44 and calls for strict proof of those allegations.

45.      The allegations in Paragraph 45 of the Complaint relate to alleged retaliation by unidentified individuals in an unspecified internship program.  Thus, Liberty is without sufficient information to admit or deny the allegations in Paragraph 45 and calls for strict proof of those allegations.

46.     The allegations in Paragraph 46 of the Complaint relate to alleged retaliation by unidentified individuals in an unspecified internship program.  Thus, Liberty is without sufficient information to admit or deny the allegations in Paragraph 46 and calls for strict proof of those allegations.

47.     The allegations in Paragraph 47 of the Complaint relate to alleged retaliation by unidentified individuals in an unspecified internship program.  Thus, Liberty is without sufficient information to admit or deny the allegations in Paragraph 47 and calls for strict proof of those allegations.

48.     The allegations in Paragraph 48 of the Complaint relate to alleged retaliation by unidentified individuals in an unspecified internship program.  Thus, Liberty is without sufficient information to admit or deny the allegations in Paragraph 48 and calls for strict proof of those allegations.

49.     Liberty avers that the allegations in Paragraph 49 of the Complaint call for legal conclusions to which no response is required.  To the extent a response is required, Liberty avers that the cited authority speaks for itself, and Liberty denies the allegations in Paragraph 49 to the extent they are contrary to, or taken out of context from, such authority.

50.     Liberty avers that the allegations in Paragraph 50 of the Complaint call for legal conclusions to which no response is required.  To the extent a response is required, Liberty avers that, based upon information currently available, it does not plan to assert a statute of limitations defense in this case.

51.     Liberty avers that the allegations in Paragraph 51 of the Complaint call for legal conclusions to which no response is required.  To the extent a response is required, Liberty avers that the Complaint's reference to "amendments to Title IX" is vague.  Liberty assumes that this

refers to the U.S. Department of Education's promulgation of regulations regarding the administration and enforcement of Title IX ("Title IX Regulations"). With that understanding, Liberty avers that the Title IX Regulations speak for themselves, and Liberty denies the allegations in Paragraph 51 to the extent they are contrary to, seek to characterize, or are taken out of context from, such authority. Liberty specifically denies that the sole purpose of the Title IX Regulations was to impose additional duties on educational institutions to "root out and address sexual harassment and sexual assault claims." As set forth in the preamble to the Title IX Regulations, those regulations were intended to provide a fair grievance process that provides due process protections to alleged victims and alleged perpetrators of sexual harassment.

52.     Liberty avers that the allegations in Paragraph 52 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, Liberty denies the allegations in Paragraph 52 of the Complaint because such allegations provide an incomplete statement of Title IX Regulations and law.

53.     Liberty avers that the allegations in Paragraph 53 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, Liberty avers that the cited authority speaks for itself, and Liberty denies the allegations in Paragraph 53 to the extent they are contrary to, or taken out of context from, such authority, and to the extent that such allegations do not relate to Title IX law.

54.     Regarding the allegations in Paragraph 54 of the Complaint, Liberty admits the general proposition that rape is sexual assault. Liberty is without sufficient information to admit or deny the remaining allegations in Paragraph 54 of the Complaint regarding Plaintiff's alleged assault. Liberty denies the allegation that the rape alleged by Plaintiff on October 30, 2020 is

covered by Title IX because the alleged assault occurred on property not owned by Liberty and outside of any educational program or activity offered by Liberty.

55.     Liberty denies the allegations in Paragraph 55 of the Complaint and avers that it complied with its policies and applicable law in responding to the report of Plaintiff's assault and providing services and information to Plaintiff regarding resources available to her.

56.     Liberty denies the allegations in Paragraph 56 of the Complaint.

57.     Liberty denies the allegations in Paragraph 57 of the Complaint.  Further, Liberty avers that it offered Plaintiff an array of accommodations and supportive measures and provided certain accommodations requested by Plaintiff following receipt of the report that Plaintiff had been assaulted.

58.     Liberty denies the allegations in Paragraph 58 of the Complaint.

59.     Liberty denies the allegations in Paragraph 59 of the Complaint.  To the contrary, Liberty attempted to pursue the investigation that Plaintiff requested through the Liberty Way student honor code when Title IX Regulations specifically required dismissal of Plaintiff's complaint under the Title IX Policy.

60.     Liberty denies the allegations in Paragraph 60 of the Complaint.

61.     Liberty denies the allegations in Paragraph 61 of the Complaint.

62.     Liberty denies the allegations in Paragraph 62 of the Complaint.

63.     Liberty denies the allegations in Paragraph 63 of the Complaint.

64.     Liberty denies the allegations in Paragraph 64 of the Complaint.  Further, Liberty avers that Mr. Lamb's position at the university did not include oversight of its Title IX Office or any other office governing or investigation student conduct.  Mr. Lamb also did not have any knowledge of Plaintiff's matter.

65.     Liberty is without sufficient information to admit or deny the allegations in Paragraph 65 of the Complaint regarding comments purportedly made by Mr. Lamb.  However, Liberty denies the substance of the comments attributed to Mr. Lamb in that paragraph.

66.     Liberty denies the allegations in Paragraph 66 of the Complaint.

67.     Liberty is without sufficient information to admit or deny the allegations in Paragraph 67 of the Complaint, which does not identify the name or title of the individual who is alleged to have retaliated against Plaintiff.  Therefore, Liberty denies those allegations and calls for strict proof thereof.

68.     Liberty denies the allegations in Paragraph 68 of the Complaint.

69.     Liberty denies the allegations in Paragraph 69 of the Complaint.

70.     Liberty denies the allegations in Paragraph 70 of the Complaint.

71.     Regarding the allegations in Paragraph 71 of the Complaint, Liberty admits that it maintains an honor code known as the "Liberty Way," and that it expects students to adhere to that code.  Liberty denies all remaining allegations in Paragraph 71 of the Complaint.

72.     Liberty denies the allegations in Paragraph 72 of the Complaint.

73.     Regarding the allegations in Paragraph 73 of the Complaint, Liberty admits that the "Liberty Way" prohibits sexual harassment, discrimination and assault.  Liberty denies that the language in Paragraph 73 of the Complaint accurately quotes from the current version of the "Liberty Way," but Liberty admits that it expects its students to treat others with Christian love, respect and dignity.

74.     Regarding the allegations in Paragraph 74 of the Complaint, Liberty avers that the "Liberty Way" speaks for itself, and Liberty denies the allegations in Paragraph 74 to the extent they are contrary to, or taken out of context from, such authority.

75.     Regarding the allegations in Paragraph 75 of the Complaint, Liberty avers that the "Liberty Way" speaks for itself, and Liberty denies the allegations in Paragraph 75 to the extent they are contrary to, or taken out of context from, such authority.  Generally, Liberty admits that the pre-marital sexual relations are impermissible under the Liberty Way.

76.     Regarding the allegations in Paragraph 76 of the Complaint, Liberty avers that the "Liberty Way" speaks for itself, and Liberty denies the allegations in Paragraph 76 to the extent they are contrary to, or taken out of context from, such authority.

77.     Liberty denies the allegations in Paragraph 77 of the Complaint.

78.     Regarding the allegations in Paragraph 78 of the Complaint, Liberty avers that the "Liberty Way" speaks for itself, and Liberty denies the allegations in Paragraph 78 to the extent they are contrary to, or taken out of context from, such authority.  Generally, Liberty avers that less serious sanctions are available for violations of the Liberty Way involving sex and/or alcohol-based violations.  As previously stated, Liberty provides amnesty for such Liberty Way offenses to parties involved in Title IX-related investigations.

79.     Regarding the allegations in Paragraph 79 of the Complaint, Liberty avers that the "Liberty Way" speaks for itself, and Liberty denies the allegations in Paragraph 79 to the extent they are contrary to, or taken out of context from, such authority.

80.     Liberty denies the allegations in Paragraph 80 of the Complaint.

81.     Regarding the allegations in Paragraph 81 of the Complaint, Liberty avers that the "Liberty Way" speaks for itself, and Liberty denies the allegations in Paragraph 81 to the extent they are contrary to, or taken out of context from, such authority.  Generally, Liberty admits that both the Liberty Way and its Title IX Policy provide "amnesty" for students who report sexual assaults or other sexual harassment or otherwise participate in proceedings related to such

reports.  This amnesty encourages students to report such incidents without fear of sanctions for other violations of the Liberty Way.   For example, Plaintiff was not sanctioned for consuming alcohol on the night of her alleged assault, a fact which she freely admitted in meetings with Liberty Title IX Office.

82.     Liberty denies the allegations in Paragraph 82 of the Complaint.

83.     Regarding the allegations in Paragraph 83 of the Complaint, Liberty avers that its Title IX Policy speaks for itself, and Liberty denies the allegations in Paragraph 83 to the extent they are contrary to, or taken out of context from, such authority.  Generally, Liberty admits that its Title IX Policy provides "amnesty" for students who report sexual assaults or other sexual harassment or otherwise participate in proceedings related to such reports.

84.     Regarding the allegations in Paragraph 84 of the Complaint, Liberty avers that its Title IX Policy speaks for itself, and Liberty denies the allegations in Paragraph 84 to the extent they are contrary to, or taken out of context from, such authority.  Generally, Liberty admits that its Title IX Policy prohibits retaliation and that Liberty takes such reports very seriously.

85.     Regarding the allegations in Paragraph 85 of the Complaint, Liberty avers that its Title IX Policy speaks for itself, and Liberty denies the allegations in Paragraph 85 to the extent they are contrary to, or taken out of context from, that Policy.

86.     Liberty denies the allegations in Paragraph 86 of the Complaint.  Moreover, it is unclear how these allegations relate to Plaintiff.

87.     Liberty denies the allegations in Paragraph 87 of the Complaint.  Moreover, it is unclear how these allegations relate to Plaintiff.

88.     Liberty denies the allegations in Paragraph 88 of the Complaint.  Moreover, Plaintiff was not disciplined in any way in relation to the alleged sexual assault that she reported.

89.     Liberty denies the allegations in Paragraph 89 of the Complaint.

90.     Liberty admits the allegations in Paragraph 90 of the Complaint.

91.     Regarding the allegations in Paragraph 91 of the Complaint, Liberty avers that the webpage containing Liberty's Title IX Policy speaks for itself, and Liberty denies the allegations in Paragraph 91 to the extent they are contrary to, or taken out of context from, that webpage.

92.     Regarding the allegations in Paragraph 92 of the Complaint, Liberty avers that the webpage containing Liberty's Title IX Policy speaks for itself, and Liberty denies the allegations in Paragraph 92 to the extent they are contrary to, or taken out of context from, that webpage.

93.     Regarding the allegations in Paragraph 93 of the Complaint, Liberty avers that the Title IX Policy speaks for itself, and Liberty denies the allegations in Paragraph 93 to the extent they are contrary to, or taken out of context from, that Policy.

94.     Liberty denies the allegations in Paragraph 94 of the Complaint.  Liberty admits that it has a dedicated Title IX coordinator, and that Liberty devotes great support and resources to its Title IX Office to carry out its very important functions.

95.     Liberty denies the allegations in Paragraph 95 of the Complaint.

96.     Regarding the allegations in Paragraph 96 of the Complaint, Liberty avers that the Title IX Policy speaks for itself, and Liberty denies the allegations in Paragraph 96 to the extent they are contrary to, or taken out of context from, that Policy.  Generally, Liberty avers that it is committed to providing prompt, thorough, equitable and impartial response to all reported violations of its Title IX Policy.

97.     Regarding the allegations in Paragraph 97 of the Complaint, Liberty avers that the Title IX Policy speaks for itself, and Liberty denies the allegations in Paragraph 97 to the extent they are contrary to, or taken out of context from, that Policy.  Generally, Liberty avers that it

does provide reasonable and appropriate supportive measures to participants in Title IX investigations and claims, that it does address safety concerns of members of its campus community, and that it does deter retaliation.

98.     Regarding the allegations in Paragraph 97 of the Complaint, Liberty avers that the Title IX Policy speaks for itself, and Liberty denies the allegations in Paragraph 97 to the extent they are contrary to, or taken out of context from, that Policy.  Generally, Liberty avers that it does provide reasonable and appropriate supportive measures to participants in Title IX investigations and claims.

99.     Liberty denies the allegations in Paragraph 99 of the Complaint.

100.     Liberty denies the allegations in Paragraph 100 of the Complaint.

101.     Liberty is without sufficient information to admit or deny the allegations in Paragraph 101 of the Complaint regarding independent actions Plaintiff took to reorganize her schedule, and Liberty calls for strict proof of those allegations.  However, Liberty avers that, as one of the supportive measures it provided to Plaintiff, staff in its Title IX Office facilitated a transition to online classes in certain courses on behalf of Plaintiff after receiving the report of Plaintiff's alleged assault.

102.     Regarding the allegations in Paragraph 102 of the Complaint, Liberty admits that Plaintiff was unresponsive with its Title IX Office.  Regarding the remaining allegations in Paragraph 102 of the Complaint, Liberty avers that the Title IX Policy speaks for itself, and Liberty denies the allegations in Paragraph 102 to the extent they are contrary to, or taken out of context from, that Policy.

103.     Liberty denies the allegations in Paragraph 103 of the Complaint.

104.     Regarding the allegations in Paragraph 104 of the Complaint, Liberty avers that the Title IX Policy speaks for itself, and Liberty denies the allegations in Paragraph 104 to the extent they are contrary to, or taken out of context from, that Policy.

105.     Liberty denies the allegations in Paragraph 105 of the Complaint.

### COUNT I: PRE-ASSAULT DELIBERATE INDIFFERENCE/HOSTILE ENVIRONMENT

106.     In response to Paragraph 106 of the Complaint, Liberty incorporates by reference its foregoing responses to the allegations in the Complaint as if fully set forth herein.  Further, Liberty's response the allegations in Paragraphs 106-109 of the Complaint are not intended to waive, and are expressly subject to, its previously filed Motion to Dismiss and Memorandum in Support (ECF Nos. 15, 16) seeking dismissal of Counts I, III and IV of the Complaint.

107.     Liberty denies the allegations in Paragraph 107 of the Complaint.

108.     Liberty denies the allegations in Paragraph 108 of the Complaint.

109.     Liberty denies the allegations in Paragraph 109 of the Complaint.  Liberty further denies that Plaintiff is entitled to the relief sought in the "Wherefore" paragraph following Paragraph 109 of the Complaint.

### COUNT II: POST-ASSAULT DELIBERATE INDIFFERENCE

110.     In response to Paragraph 110 of the Complaint, Liberty incorporates by reference its foregoing responses to the allegations in the Complaint as if fully set forth herein.

111.     Liberty does not have sufficient information to admit or deny the allegations in Paragraph 111 of the Complaint and calls for strict proof of those allegations.

112.     Liberty denies the allegations in Paragraph 112 of the Complaint.

113.    Liberty denies the allegations in Paragraph 113 of the Complaint.  Liberty further denies that Plaintiff is entitled to the relief sought in the "Wherefore" paragraph following Paragraph 113 of the Complaint.

## COUNT III: HOSTILE ENVIRONMENT

114.    In response to Paragraph 114 of the Complaint, Liberty incorporates by reference its foregoing responses to the allegations in the Complaint as if fully set forth herein.  Further, Liberty's response the allegations in Paragraphs 114-115 of the Complaint are not intended to waive, and are expressly subject to, its previously filed Motion to Dismiss and Memorandum in Support (ECF Nos. 15, 16) seeking dismissal of Counts I, III and IV of the Complaint.

115.    Liberty denies the allegations in Paragraph 115 of the Complaint.  Liberty further denies that Plaintiff is entitled to the relief sought in the "Wherefore" paragraph following Paragraph 115 of the Complaint.

## COUNT IV: NEGLIGENCE

116.    In response to Paragraph 116 of the Complaint, Liberty incorporates by reference its foregoing responses to the allegations in the Complaint as if fully set forth herein.  Further, Liberty's response the allegations in Paragraphs 116-119 of the Complaint are not intended to waive, and are expressly subject to, its previously filed Motion to Dismiss and Memorandum in Support (ECF Nos. 15, 16) seeking dismissal of Counts I, III and IV of the Complaint.

117.    Liberty denies the allegations in Paragraph 117 of the Complaint.

118.    Liberty denies the allegations in Paragraph 118 of the Complaint.

119.    Liberty denies the allegations in Paragraph 119 of the Complaint. Liberty further denies that Plaintiff is entitled to the relief sought in the "Wherefore" paragraph following Paragraph 119 of the Complaint.

## COUNT V: ASSAULT

120:     In response to Paragraph 120 of the Complaint, Liberty incorporates by reference its foregoing responses to the allegations in the Complaint as if fully set forth herein.

121.     Liberty avers that the allegations in Paragraph 121 of the Complaint are not directed to Liberty and do not attempt to state a cause of action against Liberty.  Therefore, Liberty is not required to respond to such allegations.  To the extent a response is required, Liberty is without sufficient information to admit or deny the allegations in Paragraph 121 of the Complaint and calls for strict proof of those allegations.

122.     Liberty avers that the allegations in Paragraph 122 of the Complaint are not directed to Liberty and do not attempt to state a cause of action against Liberty.  Therefore, Liberty is not required to respond to such allegations.  To the extent a response is required, Liberty is without sufficient information to admit or deny the allegations in Paragraph 122 of the Complaint and calls for strict proof of those allegations.

123.     Liberty avers that the allegations in Paragraph 123 of the Complaint are not directed to Liberty and do not attempt to state a cause of action against Liberty.  Therefore, Liberty is not required to respond to such allegations.  To the extent a response is required, Liberty is without sufficient information to admit or deny the allegations in Paragraph 123 of the Complaint and calls for strict proof of those allegations.

124.     Liberty avers that the allegations in Paragraph 124 of the Complaint are not directed to Liberty and do not attempt to state a cause of action against Liberty.  Therefore, Liberty is not required to respond to such allegations.  To the extent a response is required, Liberty is without sufficient information to admit or deny the allegations in Paragraph 124 of the Complaint and calls for strict proof of those allegations.

125.    Liberty avers that the allegations in Paragraph 125 of the Complaint are not directed to Liberty and do not attempt to state a cause of action against Liberty.  Therefore, Liberty is not required to respond to such allegations.  To the extent a response is required, Liberty is without sufficient information to admit or deny the allegations in Paragraph 125 of the Complaint and calls for strict proof of those allegations.

126.    Liberty avers that the allegations in Paragraph 126 of the Complaint are not directed to Liberty and do not attempt to state a cause of action against Liberty.  Therefore, Liberty is not required to respond to such allegations.  To the extent a response is required, Liberty is without sufficient information to admit or deny the allegations in Paragraph 126 of the Complaint and calls for strict proof of those allegations.

127.    Liberty avers that the allegations in Paragraph 127 of the Complaint are not directed to Liberty and do not attempt to state a cause of action against Liberty.  Therefore, Liberty is not required to respond to such allegations.  To the extent a response is required, Liberty is without sufficient information to admit or deny the allegations in Paragraph 127 of the Complaint and calls for strict proof of those allegations.

128.    Liberty avers that the allegations in Paragraph 128 of the Complaint are not directed to Liberty and do not attempt to state a cause of action against Liberty.  Therefore, Liberty is not required to respond to such allegations.  To the extent a response is required, Liberty is without sufficient information to admit or deny the allegations in Paragraph 128 of the Complaint and calls for strict proof of those allegations.

## <u>COUNT VI: BATTERY</u>

129:    In response to Paragraph 129 of the Complaint, Liberty incorporates by reference its foregoing responses to the allegations in the Complaint as if fully set forth herein.

130.   Liberty avers that the allegations in Paragraph 130 of the Complaint are not directed to Liberty and do not attempt to state a cause of action against Liberty.  Therefore, Liberty is not required to respond to such allegations.  To the extent a response is required, Liberty is without sufficient information to admit or deny the allegations in Paragraph 130 of the Complaint and calls for strict proof of those allegations.

131.   Liberty avers that the allegations in Paragraph 131 of the Complaint are not directed to Liberty and do not attempt to state a cause of action against Liberty.  Therefore, Liberty is not required to respond to such allegations.  To the extent a response is required, Liberty is without sufficient information to admit or deny the allegations in Paragraph 131 of the Complaint and calls for strict proof of those allegations.

132.   Liberty avers that the allegations in Paragraph 132 of the Complaint are not directed to Liberty and do not attempt to state a cause of action against Liberty.  Therefore, Liberty is not required to respond to such allegations.  To the extent a response is required, Liberty is without sufficient information to admit or deny the allegations in Paragraph 132 of the Complaint and calls for strict proof of those allegations.

133.   Liberty avers that the allegations in Paragraph 133 of the Complaint are not directed to Liberty and do not attempt to state a cause of action against Liberty.  Therefore, Liberty is not required to respond to such allegations.  To the extent a response is required, Liberty is without sufficient information to admit or deny the allegations in Paragraph 133 of the Complaint and calls for strict proof of those allegations.

134.   Liberty avers that the allegations in Paragraph 134 of the Complaint are not directed to Liberty and do not attempt to state a cause of action against Liberty.  Therefore, Liberty is not required to respond to such allegations.  To the extent a response is required,

Liberty is without sufficient information to admit or deny the allegations in Paragraph 134 of the Complaint and calls for strict proof of those allegations.

135.    Liberty avers that the allegations in Paragraph 135 of the Complaint are not directed to Liberty and do not attempt to state a cause of action against Liberty.  Therefore, Liberty is not required to respond to such allegations.  To the extent a response is required, Liberty is without sufficient information to admit or deny the allegations in Paragraph 135 of the Complaint and calls for strict proof of those allegations.

## COUNT VII: RETALIATION UNDER TITLE IX

136.    Liberty avers that the allegations in Paragraph 136 of the Complaint call for legal conclusions to which no response is required.  To the extent a response is required, Liberty denies those allegations and calls for strict proof thereof.

137.    Liberty denies the allegations in Paragraph 137 of the Complaint.

138.    Liberty is without sufficient information to admit or deny statements of an unnamed Liberty director, therefore the allegations in Paragraph 138 are denied.

139.    Liberty denies the allegations in Paragraph 139 of the Complaint.

140.    Liberty denies the allegations in Paragraph 140 of the Complaint.

141.    Liberty denies the allegations in Paragraph 141 of the Complaint.

142.    Liberty denies the allegations in Paragraph 142 of the Complaint.

143.    Liberty denies the allegations in Paragraph 143 of the Complaint.

## JURY DEMAND

144.    Liberty avers that the jury demand in paragraph 144 of the Complaint does not set forth allegations of fact requiring a response from Liberty.

## GENERAL DENIALS AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE (Failure to State a Claim)

145.     Plaintiff's complaint fails to state claims upon which relief can be granted.

### SECOND DEFENSE (Lack of Subject-Matter Jurisdiction)

146.     Under Fed R Civ P 17(a)(1), "[a]n action must be prosecuted in the name of the real party in interest." Because Plaintiff has not identified herself by her real name in the court record and has not obtained the Court's permission to proceed under a pseudonym, the named Plaintiff is not the real party in interest, and the court has no subject-matter jurisdiction over this case unless and until Plaintiff takes required steps to proceed under a pseudonym.

### THIRD DEFENSE (Prompt and Effective Action)

147.     Without waiving any defenses, Liberty cannot be found to have violated Title IX because it had policies designed to prevent and correct harassment and, upon notice of the alleged sexual assault in Plaintiff's complaint, Liberty took prompt and effective action to respond to Plaintiff's report.  Specifically, Liberty informed Plaintiff of her reporting options, options for formal and information resolution, and other resources.  Liberty also provided Plaintiff with supportive measures and sought to conduct an investigation into her claims, to the extent she cooperated and allowed the Title IX Office to do so.

### FOURTH DEFENSE (Not an Education Program or Activity)

148.     Liberty cannot be found liable under Title IX for the assault alleged in Plaintiff's Complaint because it occurred off campus and under circumstances over which Liberty does not exercise substantial control.

**FIFTH DEFENSE (No Special Relationship/No Duty)**

149.    Liberty had no special relationship under the law with Plaintiff, and it had no duty under common law negligence theories to Plaintiff.

**SIXTH DEFENSE (Foreseeability)**

150.    The alleged injury to Plaintiff was not foreseeable as a matter of law.

**SEVENTH DEFENSE (Superseding Cause)**

151.    Any injury to Plaintiff was allegedly caused by the act of third persons for whom Liberty is not responsible as a matter of law.

**EIGHTH DEFENSE (Plaintiff's Voluntary Decisions)**

152.    Plaintiff declined to utilize all support and resources made available to her by Liberty, and she declined to pursue a "formal complaint" (which triggers an investigation) against her alleged assailant for months, as was her right and her choice.  Plaintiff then abandoned her formal complaint shortly after deciding to proceed with a formal complaint against her alleged assailant.  To the extent Plaintiff claims that Liberty's response was indifferent, that is because she deliberately chose not to proceed with a formal complaint and limited Liberty's ability to respond to the report of her assault.  Liberty is not liable for any damages caused by Plaintiff's own decisions.   In fact, Liberty's decision to discontinue its investigation when Plaintiff abandoned her formal complaint (which decision was in compliance with its Title IX Policy) was made in Plaintiff's interest, because it ensured that Plaintiff would not potentially be adversely affected by her lack of participation and ensured that she could re-engage with the process later if she wanted.

### NINTH DEFENSE (No Retaliation)

153.    Liberty cannot be liable for retaliation because Plaintiff did not report the alleged act(s) of retaliation to Liberty's Title IX Office, and thus, Liberty did not have actual notice of such alleged retaliation.  Further, Plaintiff was not engaged in protected activity because she did not allege that she stated Title IX as the basis for her intended lawsuit.

### TENTH DEFENSE (No Pre-Assault Claims)

154.    Plaintiff's claims premised upon pre-assault indifference or conduct by Liberty are contrary to law and do not support a right to relief under applicable law within the Fourth Circuit.

### ELEVENTH DEFENSE (Failure to Exhaust Remedies)

155.    Plaintiff cannot pursue relief under Title IX because, shortly after she decided to proceed with a formal complaint against her alleged assailant, Plaintiff withdrew from the process and stopped communicating with Liberty.  Liberty is not liable for allegedly failing to respond to a report of assault when Plaintiff would not participate in or complete the grievance process at Liberty.

WHEREFORE, Liberty University, respectfully requests that the Court dismiss Plaintiff's claims with prejudice and award judgment to Liberty along with attorneys' fees, costs and such other relief as the Court may deem proper.

Respectfully submitted,

LIBERTY UNIVERSITY, INC.


By:  /s/ Harold E. Johnson
Harold E. Johnson, Esquire (VSB #65591)
Amanda H. Bird-Johnson, Esquire (VSB #92110)
Williams Mullen
200 South 10th Street, Suite 1600
Richmond, VA  23218
Telephone: (804) 420-6000
Facsimile: (804) 420-6507
hjohnson@williamsmullen.com
abird-johnson@williamsmullen.com
*Counsel for Defendant Liberty University, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on 14th day of January 2022, I electronically filed the foregoing Answer

with the Clerk of the Court using the CM/ECF system, which will send notice to the following:

     Kevin Edward Byrnes
     Fluet Huber Hoang
     1751 Pinnacle Drive, Ste 1000
     Tysons, VA 22102
     703-590-1234
     Email: kbyrnes@fhhfirm.com
     *Counsel for Plaintiff*

     John Ernest Falcone
     Luke Joseph Malloy , III.
     Petty, Livingston, Dawson & Richards
     725 Church Street, Suite 1200
     Lynchburg, VA 24505
     434-846-2768
     Fax: 847-0141
     Email: jfalcone@pldrlaw.com
     lmalloy@pldrlaw.com
     *Counsel for Defendant Charles Tippett*

     By:  /s/ Harold E. Johnson
     Harold E. Johnson, Esquire (VSB #65591)
     Amanda H. Bird-Johnson, Esquire (VSB #92110)
     Williams Mullen
     200 South 10th Street, Suite 1600
     Richmond, VA  23218
     Telephone: (804) 420-6000
     Facsimile: (804) 420-6507
     hjohnson@williamsmullen.com
     abird-johnson@williamsmullen.com
     *Counsel for Defendant Liberty University, Inc.*