IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| JANE DOE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LIBERTY UNIVERSITY, INC., *et al.* )<br>)<br>)<br>Defendants. ) | Case No. 6:21-cv-00059-NKM |

**LIBERTY UNIVERSITY, INC.'S REPLY BRIEF
IN SUPPORT OF MOTION TO DISMISS**

Defendant Liberty University, Inc. ("Liberty" or the "University"), by counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, sets forth the following as its reply to Plaintiff Jane Doe's Memorandum in Opposition to [Liberty's] Motion to Dismiss ("Plaintiff's Brief") (ECF No. 23) and in further support of Liberty's motion to dismiss Counts I, III and IV of the Complaint. (ECF Nos. 15-16).

I.  **Plaintiff Cannot Salvage Her Claim for "Pre-Assault Deliberate Indifference/Hostile Environment."**

While doubling down on the bombastic allegations and rhetoric in the Complaint, Plaintiff's Brief utterly fails to address the binding precedent that mandates dismissal of her "pre-assault" claims. Because it does not even attempt to rebut the legal arguments set forth in support of Liberty's motion to dismiss, Plaintiff's Brief is a tacit concession that her "pre-assault" claims are legally untenable.

In its prior Memorandum, Liberty cited various cases for the proposition that an institution cannot be liable to a student under Title IX based upon prior assaults or harassment involving persons other than that student. These include decisions of the United States Supreme

1

Court (*Davis v. Monroe Cnty, Bd. of Educ.,* 526 U.S. 629, 643-650 (1999); *Gebser v. Lago Vista Indep. Sch. Dist.,* 524 U.S. 274, 290-92 (1998)), binding Fourth Circuit precedent (*Baynard v. Malone,* 268 F.3d 228, 237-38 (4th Cir. 2001); *Doe v. Fairfax Cty. Sch. Bd.,* 1 F.4th 257 (2021)), and a case within this District that is directly on point with Doe's claims here (*Facchetti v. Bridgewater College,* 175 F. Supp. 3d 627, 636-37 (2016)).

Notably, in arguing that her "pre-assault" claim should proceed, Plaintiff does not address any of these cases. Nor does she provide any applicable authority recognizing such claims. Instead, Plaintiff simply reiterates various allegations in her Complaint and concludes that such allegations are sufficient to state a claim for pre-assault deliberate indifference. (Pl's Brief, p. 6).

To be clear, Liberty contests the facts set forth in both the Complaint and Plaintiff's Brief. Plaintiff's allegations are not just inaccurate; they are puzzling. For example, Plaintiff avers that Liberty's policies against sexual relationships "create a heavy lever to deploy against" victims of sexual assault. (Pl's Brief, p. 5.) Yet, the Complaint demonstrates that Plaintiff did report her claim, met with Liberty's Title IX staff on multiple occasions, and was not disciplined or punished for misconduct under any University policies. Thus, Plaintiff appears to complain about a purported harm that she herself did not suffer.

In this way, Plaintiff's Brief actually drives home the point set forth in Liberty's motion to dismiss: Plaintiff may only assert a claim for relief under Title IX based upon Liberty's response to her own alleged assault. To the extent Plaintiff's claims are premised upon Liberty's response to **other students'** reports of assault or harassment, they are legally barred. Her claim for "pre-assault deliberate indifference/hostile environment" is based upon prior incidents involving other students, and thus, it is not legally viable.

>    II.   **Plaintiff's Arguments Regarding Her Hostile Environment Claim Depart from The Allegations in Her Complaint.**

In its Memorandum, Liberty pointed out that the "Hostile Environment" claim in Count III of Plaintiff's Complaint effectively restated her claim in Count I for "Pre-Assault Deliberate Indifference/Hostile Environment." Both counts are premised upon Liberty's alleged approach to, and handling of, prior reports of assault by students other than Jane Doe. Therefore, the counts are duplicative, and they are proscribed under the precedent of *Baynard* and *Facchetti*.

Rather than tackle these points head-on in her Brief, Plaintiff attempts to recast her "hostile environment" claim as predicated upon Liberty's response to her alleged assault. Her arguments are a stark departure from the allegations in the Complaint. Count III of the Complaint includes a single substantive paragraph focused upon Liberty's alleged "weaponization" of the Liberty Way and a purported "pattern of discrimination against women victims and in favor of male assailants." (Complaint, ¶ 115.) However, Plaintiff's Brief pivots to allegations that her hostile environment claim is based upon the harms associated with her alleged rape and her purported "exclusion from the classroom and campus, the direct threats to revoke employment based upon her pursuit of her rights and the failure to investigate her claims or take action against her assailant." (Pl's Brief, p. 8.) Plaintiff cannot salvage Count III of her Complaint by fundamentally altering it through her briefing. Allowing her to do so would violate the rules of notice pleading and improperly force Liberty to litigate against a moving target.

Even under the new theories advanced in her Brief, however, Plaintiff's hostile environment claim fails. To the extent such a claim is based upon Liberty's response to Plaintiff's report of assault, it is duplicative of – and merges with – Count II for "Deliberate Indifference." As set forth in Liberty's Memorandum, to establish an institution's liability under

Title IX, a plaintiff must show that the institution's response to a known act of assault or harassment was so inadequate as to demonstrate deliberate indifference. *Jennings v. Univ. of North Carolina*, 482 F.3d 686, 695 (4th Cir. 2007). However she chooses to label her Title IX claim, Plaintiff must establish that Liberty was deliberately indifferent in responding to her report of assault.

Whether cast as "deliberate indifference" or a "hostile environment," Plaintiff has only one right of action under Title IX. Thus, even under the theories advanced in Plaintiff's Brief, the Court should dismiss Count III of the Complaint because it asserts the same cause of action and seeks the same relief as Count II.

### III. Plaintiff Cannot State a Claim for Negligence Against Liberty.

Like her "pre-assault" Title IX claims, Plaintiff's claim for negligence is clearly proscribed by applicable precedent. The *Facchetti* case, among others, presents an insurmountable hurdle for Plaintiff's attempt to craft a viable claim of negligence. The fact that other sexual assaults may have occurred on Liberty's campus does not mean that Liberty could reasonably foresee, much less prevent, Plaintiff's alleged assault at an off-campus apartment. Thus, Plaintiff's allegations regarding past sexual assaults at Liberty do not give rise to the type of legal duty required to state a claim for negligence.

Unable to circumvent the logic and authority of *Facchetti*, Plaintiff resorts to citing inapplicable cases from New York. Plaintiff's negligence claim is governed by Virginia law, and rulings from New York courts applying New York law are simply irrelevant. Those cases do nothing to salvage Plaintiff's negligence claim, which is clearly barred here in the Commonwealth.

Plaintiff also attempts to refashion the factual allegations underlying her negligence claim. Just as it did with respect to Count III, Plaintiff's Brief fundamentally alters the nature of her negligence claim as pled. While the Complaint alleges that Liberty's negligence **precipitated** her alleged assault, Plaintiff's Brief avers that Liberty was negligent in its **response** to her report of assault. To wit, the negligence claim in the Complaint alleges that Liberty's negligence "made the Plaintiff's injuries more likely to occur and harder to prosecute because of the dangerous environment it created for students." (Complaint, ¶ 117.) In contrast, her Brief avers that "Defendants owed Plaintiff a special duty to address allegations of sexual assault brought against another student…and breached that duty through the mishandling of her allegations and deliberate indifference to their policies' deficiencies leading to increased risk of students falling victim to sexual assaults." (Pl's Brief, p. 9.) Once again, Plaintiff is not allowed to use her briefing to amend the claims in her Complaint.

Even if she were, Plaintiff's efforts to re-cast her negligence claim would fail. Plaintiff herself notes that Liberty's purported duty to respond to reports of assault is mandated by a federal statute, not by common law. *Id.* Thus, her right of action for an alleged failure to adequately respond to such a report lies under that statute, and not via a common law negligence claim. Moreover, the standard for imposing liability under that statute for an institution's failure to respond to sexual assault is one of deliberate indifference, and mere negligence in handling a report of assault does not create liability for a college or university. *Facchetti*, 175 F.Supp.3d at 636-37 (*citing Gebser,* 524 U.S. at 290).

Finally, to the extent Plaintiff's negligence claim is based upon Liberty's response to her report of assault – rather than a failure to prevent that assault – Plaintiff has not identified any concrete, physical injury as required to state a claim for negligence. Neither the Complaint nor

5

Plaintiff's Brief identify any physical injury that Jane Doe suffered beyond the alleged rape itself. While rape obviously constitutes a physical injury for purposes of tort law, *Facchetti* and the other cited cases establish that Liberty is not responsible for the injuries visited upon Plaintiff by another student. Thus, Plaintiff's reconstituted negligence claim also fails because she has not identified a compensable injury to support a common law cause of action against Liberty.

## **CONCLUSION**

Based on the arguments set forth herein and in Liberty's previously-filed Memorandum in Support of Motion to Dismiss, Liberty respectfully requests that the Court dismiss Counts I, III, and IV of the Complaint with prejudice.

**LIBERTY UNIVERSITY, INC.,**

By: /s/ Harold E. Johnson
Harold E. Johnson, Esquire (VSB #65591)
Amanda H. Bird-Johnson, Esquire (VSB #92110)
Williams Mullen
200 South 10th Street, Suite 1600
Richmond, VA  23218
Telephone: (804) 420-6000
Facsimile: (804) 420-6507
hjohnson@williamsmullen.com
abird-johnson@williamsmullen.com
*Counsel for Defendant Liberty University, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on February 4, 2022, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Kevin Edward Byrnes
Fluet Huber Hoang
1751 Pinnacle Drive, Ste 1000
Tysons, VA 22102
703-590-1234
Email: kbyrnes@fhhfirm.com
*Counsel for Plaintiff*

John Ernest Falcone
Luke Joseph Malloy , III.
Petty, Livingston, Dawson & Richards
725 Church Street, Suite 1200
Lynchburg, VA 24505
434-846-2768
Fax: 847-0141
Email: jfalcone@pldrlaw.com
lmalloy@pldrlaw.com
*Counsel for Defendant Charles Tippett*

By:  /s/ Harold E. Johnson
Harold E. Johnson, Esquire (VSB #65591)
Amanda H. Bird-Johnson, Esquire (VSB #92110)
Williams Mullen
200 South 10th Street, Suite 1600
Richmond, VA  23218
Telephone: (804) 420-6000
Facsimile: (804) 420-6507
hjohnson@williamsmullen.com
abird-johnson@williamsmullen.com
*Counsel for Defendant Liberty University, Inc.*