IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:21-cv-00059-NKM |
| | ) |
| LIBERTY UNIVERSITY, INC., *et al.* | ) |
| | ) |
| | ) |
| Defendants. | ) |

**STIPULATED PROTECTIVE ORDER GOVERNING DISCOVERY**

Plaintiff, Jane Doe ("Doe"), and Defendants, Charles Tippett ("Tippett") and Liberty University, Inc. ("Liberty") (collectively, the "Parties"), as evidenced by the representations and signatures of their counsel below, agree and stipulate to be bound by the terms of this protective order. Therefore, good cause having been shown, it is hereby **ORDERED** pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and with the consent of the Parties, that the following provisions shall govern documents and information produced in discovery in this litigation:

1. **Application of Family Educational Right and Privacy Act.**

Liberty possesses various information, documents and materials relevant to the subject matter of this litigation that constitute "education records" as defined under the Family Educational Rights and Privacy Act ("FERPA") (20 U.S.C. § 1232g; 34 CFR Part 99). FERPA generally protects a student's interest in the privacy of his/her education records by restricting an educational institution's ability to disclose such records (or information contained therein) without the student's consent. However, FERPA authorizes the disclosure of such education records to comply with a judicial order, so long as the educational institution makes a reasonable effort to inform the affected student(s) of the potential disclosure so that he/she may seek protective action

from a court. 34 C.F.R. § 99.31(a)(9)(i-ii). FERPA also authorizes an education institution to disclose education records to a court as necessary to defend itself against claim brought by a student. 34 C.F.R. § 99.31(a)(9)(iii)(B). By this Order, the Parties agree that Liberty's disclosure of education records related to each of the Parties is lawful and authorized under FERPA.

**2. Parties' Consent to Disclosure of Education Records**

Most of the records in Liberty's possession relevant to this litigation constitute education records related to Doe and Tippett, each of whom was a student at Liberty at the time of the events described in the Complaint. Through counsel, both Doe and Tippett have been informed of their rights under FERPA, and each of them consents to Liberty's disclosure of any and all education records relevant to the subject matter of this litigation.

Doe knowingly, willingly and voluntarily consents to Liberty's disclosure of any and all education records in Liberty's possession related to her attendance at Liberty that it deems relevant to this lawsuit. Doe specifically authorizes Liberty to produce her education records, including but not limited to, records related to her report that she was sexually assaulted by Tippett and Liberty's investigation of that report.

Tippett knowingly, willingly and voluntarily consents to Liberty's disclosure of any and all education records in Liberty's possession related to his attendance at Liberty that it deems relevant to this lawsuit. Tippett specifically authorizes Liberty to produce his education records, including but not limited to, records related to his response to Doe's report of sexual assault and Liberty's investigation of that report.

3.  **Use of Education Records and Other Documents.**

All persons obtaining access to education records or other confidential information or documents in this action shall use the information or documents only for preparation and trial of this action, including any appeal and retrial, and settlement, and shall not use such information or documents for any other purpose, including for business or governmental purposes or for any administrative or other judicial proceeding, other than a bankruptcy, receivership or other collection proceeding.

4.  **Permissible Disclosure of Confidential Information and Documents.**

Except under further Order of the Court, all education records and other information produced pursuant to this Order shall be used solely for the purposes of this action and shall not be disclosed to any person, except the Court (including the Clerk's office), the Parties, counsel for the Parties, the staff members and professional and para-professional employees of the Parties and counsel for the Parties, any experts and other consultants, including their clerical staff, engaged by either party regarding this action, court reporters used in this lawsuit, a court approved settlement administrator, a representative of a qualified settlement fund, and any other person(s) to whom the Parties agree in writing.

Notwithstanding the provisions of the preceding paragraph, the Parties may disclose to persons who may be called as witnesses in the case during trial or discovery such education records or information that counsel believes in good faith to be necessary for the adequate preparation or presentation of the case.

5. **Filing Under Seal.**

The education records covered by this Order may be disclosed to the Court as exhibits to pleadings, motions or at trial, and such records are not required to be filed under seal. This Order does not authorize any party to file such records under seal, and any Party who wishes to do so in accordance with Federal Rule of Civil Procedure 5.2 and applicable Local Rules.

6. **Nonwaiver of Objections to Discovery.**

Nothing herein shall affect any person's right to object to any discovery request, including the right to assert that no discovery should be had of certain documents or information. Nor shall anything herein affect any person's right to seek the production of documents, testimony, or any other information from any other source.

7. **Non-Waiver of Privileges.**

A. The Parties anticipate discovery may include the review and/or production of electronically stored information ("ESI"), other paper documents or information, or testimony on the subject matter to which the document or information produced pertains, that the producing party may deem protected by the attorney-client privilege, work-product doctrine and/or other privileges and protection ("Information Claimed to be Privileged").

B. The Parties mutually understand and agree that electronic information, and the technical processes used to review and produce the ESI, increases the risk that Information Claimed to be Privileged may inadvertently be produced or disclosed despite reasonable precautions to prevent inadvertent production.

C. In the event of inadvertent production or disclosure of Information Claimed to be Privileged, counsel for the producing party shall notify opposing counsel within ten (10) business

days of determining the information is privileged or protected, and that it was inadvertently produced.

D. Within five (5) business days of receiving notice, or within such time as the Parties mutually agree, counsel for the party who received the Information Claimed to be Privileged shall locate the information and take reasonable steps to retrieve any copies, and either:

(1) destroy the Information Claimed to be Privileged and all copies of the information by a method mutually agreeable to the Parties, pending resolution of the claim of privilege or protection;

(2) sequester the Information Claimed to be Privileged and all copies of the information by a method mutually agreeable to the Parties, pending resolution of the claim of privilege or protection;

(3) return the Information Claimed to be Privileged and all copies, pending resolution of the claim of privilege or protection; OR

(4) submit the Information Claimed to be Privileged to the Court under seal requesting that the Court resolve any claim of privilege or protection.

E. The Parties mutually understand and agree that no information claimed to be privileged will be used for any purpose, including at trial, until the claim of privilege or protection has been resolved.

It is so **ORDERED**.  Let the Clerk send a copy of this Order to all counsel of record herein.

ENTERED: _____, 2021

_____
Honorable Robert S. Ballou
United States Magistrate Judge

WE ASK FOR THIS:

**LIBERTY UNIVERSITY, INC.,**

By: /s/ Harold E. Johnson
Harold E. Johnson, Esquire (VSB #65591)
Amanda H. Bird-Johnson, Esquire (VSB #92110)
Williams Mullen
200 South 10th Street, Suite 1600
Richmond, VA  23218
Telephone: (804) 420-6000
Facsimile: (804) 420-6507
hjohnson@williamsmullen.com
abird-johnson@williamsmullen.com
*Counsel for Defendant Liberty University, Inc.*

**JANE DOE**

By: /s/ Kevin E. Byrnes
Kevin Edward Byrnes (VSB # 47623)
1751 Pinnacle Drive, Ste 1000
Tysons, VA 22102
703-590-1234
Email: kbyrnes@fhhfirm.com
*Counsel for Plaintiff*

**CHARLES TIPPETT**

By: /s/ John E. Falcone
John Ernest Falcone (VSB #17879)
Luke Joseph Malloy, III (VSB #94877)
Petty, Livingston, Dawson & Richards
725 Church Street, Suite 1200
Lynchburg, VA 24505
434-846-2768
Fax: 847-0141
Email: jfalcone@pldrlaw.com
          lmalloy@pldrlaw.com
*Counsel for Defendant Charles Tippett*