IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

**JANE DOE**,
                Plaintiff

v.
                                          CIVIL ACTION NO. 6:21-CV-59

**LIBERTY UNIVERSITY, INC.,**
and
**CHARLES TIPPETT**
                Defendants

### COUNTERCLAIM OF CHARLES TIPPETT

Defendant Charles Tippett ("Tippett"), by counsel, states the following as his Counterclaim against plaintiff Jane Doe ("Doe"):

### NATURE OF THE CASE

This is an action for defamation brought pursuant to Virginia substantive law in order to redress Doe's tortious conduct.

### PARTIES

1.    Tippett is a defendant in the Complaint (CIVIL ACTION NO. 6:21-CV-59) filed in this Court by Doe.

2.    Doe is the plaintiff in the aforesaid Complaint. Although she is proceeding in the Complaint under the pseudonym "Jane Doe", her true identity is known to all parties. Tippett has filed a Motion to Dismiss the Complaint against him for Doe's violation of Rule 10(a) for her failure to proceed under her real name.

### JURISDICTION

3.    This Counterclaim states a claim that arises out of the transaction or occurrence described in the Complaint. This Court consequently has jurisdiction of the Counterclaim pursuant to Rule 13(a).

1

## THE CLAIM

4.      On April 16, 2021, Doe filed a complaint with Liberty University ("LU") alleging that Tippett had raped her in an off-campus apartment on the "night before Halloween", 2020, which would have been the night of October 30-31, 2020.

5.      On April 17, 2021, Doe gave a lengthy interview to an LU official providing further details of her rape allegation against Tippett.

6.      In the interview, Doe admitted, among other things:

- She had lied in a previous statement to LU about the allegations and wanted to retract that statement;

- Tippett was one of her best friends;

- On the night in question, she was "feeling lonely" so she called Tippett and he invited her to come over to his nearby apartment and "have a few drinks". She agreed, "grabbed my toothbrush" and went to his apartment with the expectation of drinking alcohol and either taking an Uber home or spending the night at his apartment.

- At his apartment, they began drinking alcoholic beverages and she voluntarily drank three of those beverages.

- After awhile, they began kissing, and Tippett said at one point, "Wow, you're so drunk." She recalled laughing at his comment.

- She recalled going into his bedroom and saying, "Oh, I'm in your room. It's so cool."

- She recalls them having sexual intercourse.

- She feels that because she had been drinking, "I don't think I was able to

2

consent. That's why I believe it's rape."

- She also said that while they were having sex, "I blame myself for it because I should've said stop . . . ." She said further, "I don't know if I ever consented."

7. Subsequent to her complaint and statement to LU on April 16 and 17, 2021, Doe reaffirmed her rape allegation to other persons, including LU officials, on multiple occasions.

8. Tippett graduated from LU in May, 2021. He then began full-time employment with a company for whom he had done part-time work while an LU student.

9. The rape allegation was republished on or about November 26, 2021 when the HR Manager of Tippett's employer read news accounts of the allegation after Doe filed her Complaint.

10. As a direct consequence of Doe's rape allegation, Tippett's employer immediately terminated his employment. It was his first full-time job after graduation from LU, and ended his hopes for a long career with the company for which he had worked while in college, in a field which was his career choice.

11. Doe's allegation of rape is absolutely false and defamatory. She and Tippett engaged in consensual sexual intercourse on the night in question.

12. Doe's false accusation against Tippett of rape has caused Tippett and his family to suffer extraordinary mental anguish.

13. After being fired from his first full-time job, Tippett began applying for other jobs, but the fact that he has been falsely accused of rape has impeded his efforts to find another job in the fields in which he would like to work.

14. Tippett has lost income as a result of the termination of his employment,

which was a direct consequence of Doe's false rape allegation.

15. Doe's false rape allegation has harmed Tippett's reputation in the community and injured his good name. The allegation causes Tippett to have his name forever associated in the public mind with an accusation that carries a significant social stigma.

16. The false allegation of rape has prejudiced Tippett in his chosen profession.

17. Doe willfully, intentionally and maliciously accused Tippett of rape with the intent of causing damage to his reputation and other damages.

## DEMAND FOR RELIEF

WHEREFORE, Tippett demands judgment against Doe as follows:

(a) compensatory damages of $1,000,000.00;

(b) punitive damages of $350,000.00;

(c) interest on the damages award from April 16, 2021; and

(d) Tippett's costs in this behalf expended.

## JURY DEMAND

Tippett demands trial by jury.

**CHARLES TIPPETT**

__/s/  John E. Falcone_____
                    Counsel

John E. Falcone (Va. Bar #17879)
jfalcone@pldrlaw.com
Luke J. Malloy, III (VSB # 94877)
lmalloy@pldrlaw.com
PETTY, LIVINGSTON, DAWSON & RICHARDS
P.O. Box 1080
Lynchburg, VA  24505
Phone:  434-846-2768
Fax:  434-847-0141   counsel for Charles Tippett

5

## **CERTIFICATE**

I hereby certify that on this 14th day of April, 2022 I electronically filed the foregoing Counterclaim with the Clerk of the Court using the CM/ECF system, which will serve all other counsel via e-mail.

                                              /s/ John E. Falcone
                                              Counsel for Charles Tippett

John E. Falcone (Va. Bar #17879)
PETTY, LIVINGSTON, DAWSON & RICHARDS
P.O. Box 1080
Lynchburg, VA  24505
Phone:  434-846-2768
Fax:  434-847-0141
jfalcone@pldrlaw.com

5