IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

**SHEA WHITEHURST**,
                Plaintiff

v.
                                            CIVIL ACTION NO. 6:21-CV-59

**LIBERTY UNIVERSITY, INC.,**
and
**CHARLES TIPPETT**
                Defendants

### DEFENDANT CHARLES TIPPETT'S ANSWER TO AMENDED COMPLAINT

      Comes now Defendant Charles Tippett ("Tippett") who states the following as his Answer to the Plaintiff's Amended Complaint.

### SUMMARY

      Tippett adamantly denies the allegations against him in the unnumbered "summary" that precedes the specific allegations of the Amended Complaint. Tippett further denies that he "date raped" the Plaintiff, or used alcohol and a "roofie" to render the Plaintiff incapacitated. Tippett avers that all interactions between himself and the Plaintiff were consensual, and that he did not rape or sexually assault the Plaintiff. Therefore, Tippett denies that the Plaintiff is entitled to any relief.

### PARTIES

1.     Admitted.

2.     The first sentence of paragraph 2 is admitted. The second sentence is denied.

3.     The first sentence of paragraph 3 is admitted. Plaintiff has insufficient knowledge to admit or deny the second sentence of paragraph 3 (hereinafter "insufficient knowledge").

1

## JURISDICTION

4. The allegations contain legal conclusions to which no response is required.

5. Insufficient knowledge.

## VENUE

6. The allegations contain legal conclusions to which no response is required.

## FACTS

7. Insufficient knowledge.

8. Tippett admits the Plaintiff was in Lynchburg attending classes at Liberty. Tippett denies the incident as alleged by the Plaintiff.

9. Admitted.

10. Insufficient knowledge.

11. Insufficient knowledge.

12. Tippett admits the Liberty Way speaks for itself. Any allegations inconsistent with the Liberty Way are denied.

13. Denied.

14. Tippett admits to being aware that the Plaintiff was dating another student. Tippett denies committing rape.

15. Tippett admits to having a girlfriend at the time in question. Tippett denies raping the Plaintiff.

16. Admitted.

17. Admitted.

18. Tippett admits that he lived in an off-campus apartment located in

Lynchburg. Tippett denies the rape.

19. Tippett admits that the Plaintiff came to his apartment. The remaining allegations are denied.

20. Admitted.

21. Tippett admits to offering the Plaintiff alcohol. The remaining allegations are denied.

22. Tippett admits that the Plaintiff passed out after they had consensual sex. Tippett denies that this was the result of the drinks that she consumed or that she was unable to consent to sex.

23. Denied.

24. Denied.

25. Denied.

26. Tippett admits to driving the Plaintiff home. The remaining allegations are denied.

27. Insufficient knowledge.

28. Insufficient knowledge.

29. Insufficient knowledge.

30. Insufficient knowledge.

31. Insufficient knowledge.

32. Insufficient knowledge.

33. Insufficient knowledge.

34. Insufficient knowledge.

35. Insufficient knowledge.

36. Insufficient knowledge.

37. Insufficient knowledge.

38. Tippett admits receiving the message regarding the Plaintiff's complaint.

39. Insufficient knowledge.

40. Tippett denies committing rape. Tippett lacks knowledge sufficient to admit or deny the remaining allegations in paragraph 40.

41. Denied.

42. Denied.

43. Tippett denies committing rape. Tippett lacks knowledge sufficient to admit or deny the remaining allegations in paragraph 43.

44. Insufficient knowledge.

45. Insufficient knowledge.

46. Insufficient knowledge.

47. Insufficient knowledge.

48. The allegations contain legal conclusions directed at Liberty to which no response is required.

### LIBERTY VIOLATED TITLE IX IN ITS FAILURE TO ADDRESS WHITEHURST'S RAPE

49. Tippett admits that Title IX speaks for itself. Any allegations inconsistent with the law are denied.

50. The allegations contain legal conclusions to which no response is required.

51. The allegations contain legal conclusions to which no response is required.

52. The allegations contain legal conclusions to which no response is required.

53. Tippett admits that the law speaks for itself. Any allegations inconsistent

with the law are denied.

54. Denied.

55. Denied.

56. Insufficient knowledge.

57. Tippett admits that no disciplinary action was taken against him by Liberty. Tippett lacks knowledge sufficient to admit or deny the remaining allegations in paragraph 57.

58. Tippett denies he committed acts of sexual violence. Tippett lacks knowledge sufficient to admit or deny the remaining allegations in paragraph 58.

59. Insufficient knowledge.

60. Tippett denies he committed rape. Tippett lacks knowledge sufficient to admit or deny the remaining allegations in paragraph 60.

61. The allegations contain legal conclusions to which no response is required.

62. Insufficient knowledge.

63. Insufficient knowledge.

64. Insufficient knowledge.

65. Insufficient knowledge.

66. Tippett denies he committed sexual assault. Tippett lacks knowledge sufficient to admit or deny the remaining allegations in paragraph 66.

67. Insufficient knowledge.

**LIBERTY UNIVERSITY'S INADEQUATE MECHANISM FOR REPORTING AND INVESTIGATING SEXUAL ASSAULT**

68. Insufficient knowledge.

69. Insufficient knowledge.

70. Insufficient knowledge.

## THE WEAPONIZATION OF THE LIBERTY WAY

71. Tippett admits the Liberty Way speaks for itself. Any allegations inconsistent with the Liberty Way are denied.

72. Insufficient knowledge.

73. Tippett admits the Liberty Way speaks for itself. Any allegations inconsistent with the Liberty Way are denied.

74. Insufficient knowledge.

75. Tippett admits the Liberty Way speaks for itself. Any allegations inconsistent with the Liberty Way are denied.

76. Tippett admits the Liberty Way speaks for itself. Any allegations inconsistent with the Liberty Way are denied.

77. Insufficient knowledge.

78. Tippett admits the Liberty Way speaks for itself. Any allegations inconsistent with the Liberty Way are denied.

79. Tippett admits the Liberty Way speaks for itself. Any allegations inconsistent with the Liberty Way are denied.

80. Tippett admits the Liberty Way speaks for itself. Any allegations inconsistent with the Liberty Way are denied.

81. Tippett admits the Liberty Way speaks for itself. Any allegations inconsistent with the Liberty Way are denied.

82. Tippett admits the Liberty Way speaks for itself. Any allegations inconsistent with the Liberty Way are denied.

83. Tippett admits the Liberty University Discrimination, Harassment, and Sexual Misconduct Policy speaks for itself. Any allegations inconsistent with the policy are denied.

84. Tippett admits the Liberty University Discrimination, Harassment, and Sexual Misconduct Policy speaks for itself. Any allegations inconsistent with the policy are denied.

85. Tippett admits the Liberty University Discrimination, Harassment, and Sexual Misconduct Policy speaks for itself. Any allegations inconsistent with the policy are denied.

86. Insufficient knowledge.

87. Insufficient knowledge.

88. Insufficient knowledge.

89. Insufficient knowledge.

**THE FAILURE TO ENFORCE TITLE IX AND THE LIBERTY UNIVERSITY DISCRIMINATION, HARASSMENT AND SEXUAL MISCONDUCT POLICY**

90. Insufficient knowledge.

91. Tippett admits the Title IX Policy webpage speaks for itself. Any allegations inconsistent with the webpage are denied.

92. Tippett admits the Title IX Policy webpage speaks for itself. Any allegations inconsistent with the webpage are denied.

93. Tippett admits the Liberty University Discrimination, Harassment, and Sexual Misconduct Policy speaks for itself. Any allegations inconsistent with the policy are denied.

94. Insufficient knowledge.

95. Insufficient knowledge.

96. Tippett admits the policy speaks for itself. Any allegations inconsistent with the policy are denied.

97. Tippett admits the addendum speaks for itself. Any allegations inconsistent with the addendum are denied.

98. Tippett admits the addendum speaks for itself. Any allegations inconsistent with the addendum are denied.

99. Tippett admits that Liberty did not take any disciplinary action against him. Tippett lacks knowledge sufficient to admit or deny the remaining allegations in paragraph 99.

100. Tippett denies that the Plaintiff was forced to endure his presence on the Liberty Campus. Tippett admits his involvement with the student group.

101. Insufficient knowledge.

102. Tippett admits the policy speaks for itself. Any allegations inconsistent with the policy are denied.

103. Insufficient knowledge.

104. Tippett admits the policy speaks for itself. Any allegations inconsistent with the policy are denied.

105. Tippett denies that the Plaintiff suffered trauma. Tippett lacks knowledge sufficient to admit or deny the remaining allegations in paragraph 105.

### COUNT I: PRE-ASSAULT DELIBERATE INDIFFERENCE/HOSTILE ENVIRONMENT
**(Against Liberty University)**

106. Tippett incorporates his answers in the forgoing paragraphs as if fully set

forth herein.

107. Tippett denies committing assault. Tippett lacks knowledge sufficient to admit or deny the remaining allegations in paragraph 107.

108. Insufficient knowledge.

109. Insufficient knowledge.

## COUNT II: POST ASSAULT DELIBERATE INDIFFERENCE
### (Against Liberty University)

110. Tippett incorporates his answers in the forgoing paragraphs as if fully set forth herein.

111. Tippett denies committing assault. Tippett lacks knowledge sufficient to admit or deny the remaining allegations in paragraph 111.

112. Tippett denies committing assault. Tippett lacks knowledge sufficient to admit or deny the remaining allegations in paragraph 112.

113. Tippett denies committing assault. Tippett lacks knowledge sufficient to admit or deny the remaining allegations in paragraph 113.

## COUNT III: HOSTILE ENVIRONMENT
### (Against Liberty University)

114. Tippett incorporates his answers in the forgoing paragraphs as if fully set forth herein.

115. Insufficient knowledge.

## COUNT IV: NEGLIGENCE
### (Against Liberty University)

116. Tippett incorporates his answers in the forgoing paragraphs as if fully set forth herein.

117. Denied.

118. The allegations contain legal conclusions to which no response is required.

119. The allegations contain legal conclusions to which no response is required.

## COUNT V. ASSAULT
### (Against Charles Tippett)

120. Tippett incorporates his answers in the forgoing paragraphs as if fully set forth herein.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

## COUNT VI: BATTERY
### (Against Charles Tippett)

129. Tippett incorporates his answers in the forgoing paragraphs as if fully set forth herein.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

Tippett denies that the Plaintiff is entitled to relief as alleged in the unnumbered paragraph following paragraph 135.

### COUNT VII: RETALIATION UNDER TITLE IX
### (Against Liberty University)

136. The allegations contain legal conclusions to which no response is required.

137. The allegations contain legal conclusions to which no response is required.

138. Insufficient knowledge.

139. Insufficient knowledge.

140. Insufficient knowledge.

141. Insufficient knowledge.

142. Insufficient knowledge.

143. Tippett denies the assault. Tippett lacks knowledge sufficient to admit or deny the remaining allegations in paragraph 143.

### JURY DEMAND

144. Paragraph 144 is a jury demand to which no response is required.

### PRAYER FOR RELIEF

Tippett denies that Plaintiff is entitled to the relief requested as he is not responsible for any of the damages claimed by the Plaintiff.

WHEREFORE, Charles Tippett, respectfully requests that the Court dismiss Plaintiff's claims with prejudice and award judgment to Charles Tippett along with such other relief as the Court may deem proper.

**CHARLES TIPPETT**

                        __/s/  John E. Falcone_____
                                Counsel

John E. Falcone (Va. Bar #17879)
jfalcone@pldrlaw.com
Luke J. Malloy, III (VSB # 94877)
lmalloy@pldrlaw.com
PETTY, LIVINGSTON, DAWSON & RICHARDS
P.O. Box 1080
Lynchburg, VA  24505
Phone:  434-846-2768
Fax:  434-847-0141     counsel for Charles Tippett

## **CERTIFICATE**

I hereby certify that on this 27th day of October, 2022 I electronically filed the foregoing Answer with the Clerk of the Court using the CM/ECF system, which will serve all other counsel via e-mail.

                        __/s/  John E. Falcone_____
                        Counsel for Charles Tippett

John E. Falcone (Va. Bar #17879)
PETTY, LIVINGSTON, DAWSON & RICHARDS
P.O. Box 1080
Lynchburg, VA  24505
Phone:  434-846-2768
Fax:  434-847-0141
jfalcone@pldrlaw.com