IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| SHEA WHITEHURST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:21-cv-00059-NKM |
| | ) |
| LIBERTY UNIVERSITY, INC., *et al.* | ) |
| | ) |
| | ) |
| Defendants. | ) |

**JOINT RULE 26(f) REPORT AND DISCOVERY PLAN**

Plaintiff Shea Whitehurst ("Whitehurst"), Defendant Liberty University, Inc. ("Liberty"), and Defendant Charles Tippett ("Tippett"), by counsel, submit the following written report of their initial Rule 26(f) meeting and their joint Rule 26(f) discovery plan:

1. **INITIAL MEETING**

Pursuant to the requirements of Fed. R. Civ. P. 26(f), counsel for the parties met telephonically on **November 22, 2022**.

2. **NATURE OF THE PARTIES' CLAIMS AND DEFENSES**[1]

    a. **Whitehurst's Contentions**

For her claims, as alleged in her Am. Compl. (ECF No. 45) Plaintiff was raped by Defendant Tippett on October 30, 2020 (*Id*. at 1-2). Plaintiff contends she lacked the ability to consent to due to her then existing physical and mental condition, and believes she was administered an intoxicating substance by him (*Id.* at 4-5). The Plaintiff was reluctant to report her

---

[1] The following descriptions of the parties' contentions are based on the information known at this time. The parties reserves the right to amend and update this information as discovery progresses.

situation due to punishment she could face under then existing Liberty University policies. (*Id*. at 6-7, Ex. A). The Liberty University Title XI Office made conflicting and contradictory statements about her potential options to protect herself on campus, and did not meet its burden under applicable law to provide her with supportive measures. (ECF No. 45 at 15-17). Further, Plaintiff was threatened with retaliation, and experienced retaliation, in her workplace at a Liberty University affiliated organization she participated in as part of her studies. (*Id* at 9-11, 15, 18, 24). Title IX plaintiffs need not exhaust administrative remedies before bringing private actions.

For her defenses to Defendant Tippett's counterclaim for defamation, the Plaintiff's good faith reports of her assault to the University were made in a qualifiedly privileged context and may not form the basis of a defamation action under Virgina law, and intends to pursue her defenses for similar reasons as outlined in her Motion to Dismiss his claims. (ECF. No. 34).

    b. **Liberty's Contentions**

Following the alleged assault, Whitehurst could not participate in her unspecified team's practice, and her coach reported her condition to Liberty's Title IX office. (*Id.* ¶¶ 29-30.) Erica Woolfolk ("Woolfolk"), an investigator in Liberty's Title IX Office, reached out to Whitehurst and provided a link to Liberty's Title IX Policy and listed various support services available. (ECF No. 47 (Liberty's Answer to Am. Compl.) ¶ 30.)

Whitehurst would not identify Tippett as her alleged assailant until several months after the alleged assault. (*Id.*) Liberty initiated a formal grievance process based upon Whitehurst's claims against Tippett. (*Id.* ¶ 38.) Because the incident occurred off-campus (and beyond Liberty's "jurisdiction" under Title IX regulations), the grievance process moved forward under Liberty's student conduct code, and not under Title IX. (*Id.* ¶ 39.) Shortly after Whitehurst decided to

proceed with a formal complaint, she withdrew from the process and stopped communicating with Liberty (*Id.* ¶ 155.)

Whitehurst's remaining Title IX claims are barred on the following grounds: (1) Liberty took prompt and effective action to respond to Whitehurst's report of alleged assault; (2) the alleged assault occurred off campus under circumstances over which Liberty does not exercise substantial control; (3) Whitehurst declined to utilize all support and resources made available to her; (4) Liberty did not have actual notice of any alleged retaliation and Whitehurst was not engaged in protected activity; (5) claims for pre-assault indifference are contrary to law; and (6) Whitehurst failed to exhaust her remedies before filing this lawsuit. (*See* ECF 47 ¶¶ 146-55.) These defenses and others are further detailed in Liberty's Answer. (*Id.*)

    c. **Tippett's Contentions**

Tippett denies the rape allegation, as he and Whitehurst engaged in consensual sex. Whitehurst made false and defamatory statements to various persons including Liberty employees, claiming that Tippett raped her. The defamatory statements caused Tippett to suffer damages.

3. **POSSIBILITY OF SETTLEMENT**

The parties have discussed the possibility of settlement, but settlement of the case appears unlikely.

4. **DISCOVERY PLAN**

    a. **Pre-Discovery Disclosures.**

Pre-Discovery Disclosures. The parties have agreed to exchange the information required by Fed. R. Civ. P. 26(a)(1) on or before January 13, 2022. At this time, the parties do not foresee a need to change the form or requirement for disclosures under Rule 26(a). The parties will not file disclosures under Fed. R. Civ. P. 26(A)(1) and (2), notices of depositions, interrogatories,

3

requests for documents or admissions, and answers thereto except on Order of the Court, or as supporting exhibits to a motion or trial.

  b. **Subjects of Discovery.**

  The parties' discovery will relate to the claims and defenses to Whitehurst's Amended Complaint and Tippet's Counterclaim. Discovery will be conducted in accordance with the Federal Rules of Civil Procedure, and the parties will work in good faith to narrow and focus the scope of discovery to minimize the burden of discovery on the parties and on any third parties. The parties anticipate that they will exchange written discovery requests (interrogatories, requests for production, and requests for admission), and that they will take depositions of the parties and may issue third-party subpoenas for documents and/or depositions.

  c. **Electronically Stored Information ("ESI")**

  The parties agree that any relevant, discoverable electronically stored information will be printed and/or placed in .pdf format, .tiff format, or native file format (if appropriate) and produced electronically via an FTP server, unless the parties expressly agree otherwise. If any party requests documents or electronically stored information in a specific format other than how provided, the parties will meet and confer to determine a reasonably usable format. The parties shall instruct any custodians of records not to destroy any pertinent electronic data.

  d. **Privileges Issues/Protective Order**

  The Court entered the parties' Stipulated Protective Order (ECF No. 27) on February 27, 2022. The parties have further discussed the implications of the Family Educational Rights and Privacy Act ("FERPA") on discovery in this matter, and Whitehurst and Tippett may seek further orders from the Court authorizing Liberty to disclose the names, contact information and personal identifying information of various current and former students.

The parties will adhere to the requirements outlined in Fed. R. Civ. P. 26(b)(5) concerning privilege logs and withholding of information under claims of privilege as trial-preparation materials.

The parties agree that documents created on or after the filing of the complaint and protected by the attorney-client privilege or work product doctrine may be excluded from the privilege log.  The parties agree that, except as any documents the parties agree may be excluded from the privilege log, they will produce privilege logs and will exchange information regarding claims of privilege and/or work-product protection in an efficient manner and the parties agree that the privilege does not need to be specified when objections to discovery are served.

The parties recognize that they may inadvertently disclose privileged material in the course of litigation.  To mitigate the damage of such inadvertent disclosure, the parties agree that Fed. R. Civ. P. 26(b)(5)(B), Fed. R. Evid. 502, and the Stipulated Protected Order shall govern any inadvertent disclosure of material that is subject to a claim of privilege or of protection as trial preparation material.

e. **Service Issues**

Pursuant to Fed. R. Civ. P. 5(d)(1)(A), the parties agree that service of notices of depositions, discovery requests, and other such papers not required to be filed with the Clerk of Court will be accepted by electronic mail. The parties agree that responses to discovery requests are deemed timely as long as they are served by 11:59 p.m. EST on the day that they are due.

f. **Changes to Limitations of Rules.**

At this time, the parties do not request that the limitations imposed upon discovery by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the

Western District of Virginia be changed or that additional limitations upon discovery be imposed. The parties will defer to the Court's order(s) related to the timing for completion of discovery.

g. **Expected Length of Trial and Trial Date**.

The parties believe that trial will take approximately four days and, based on the Court's availability, requested **November 13 – 17, 2023** as the trial date. On December 5, 2022, the Court entered a Pretrial Order (ECF No. 50) confirming the trial date.

h. **Deadline for Completing Discovery**.

The parties propose a discovery deadline of **August 15, 2023**, with all written discovery to be served no later than **July 14, 2023**.

i. **Deadline for Expert Disclosures**.[2]

The parties propose an expert disclosure deadline of **May 15, 2023**, for any party intending to rely on expert testimony to support their case in chief (i.e., the Complaint or any Counterclaim). The parties propose an expert disclosure deadline of **May 30, 2023**, for any defendant or counter-defendant.

j. **Deadline for Filing Dispositive Motions**.

The parties propose a summary judgment deadline of **August 30, 2023,** with response briefs due by **September 13, 2023**, and reply briefs due **September 20, 2023**. The Parties shall notify the Court of their request for oral argument.

k. **Magistrate Judge**

The parties do not consent to the jurisdiction of the United States Magistrate Judge at this time.

---

[2] The parties respectfully request this modification to the expert disclosure deadlines set forth in the Pretrial Order. (*See* ECF No. 50 at 1 ("parties may amend the order's disclosure and discovery provisions by submitting an agreed written plan that satisfies the requirements of Rule 26(f)").)

5. **Modifications**

This agreement may be modified by an agreement signed by the parties or by the Court for good cause shown.

December 20, 2022          Respectfully Submitted,

**SHEA WHITEHURST**          **LIBERTY UNIVERSITY, INC.,**

By: /s/ Kevin E. Byrnes
Kevin Edward Byrnes
Grace Williams
Fluet Huber Hoang
1751 Pinnacle Drive, Ste 1000
Tysons, VA 22102
703-590-1234
Email: kbyrnes@fhhfirm.com
      gwilliams@fhhfirm.com
*Counsel for Plaintiff Shea Whitehurst*

By: /s/ Harold E. Johnson
Harold E. Johnson, Esquire (VSB #65591)
Amanda H. Bird-Johnson, Esquire (VSB #92110)
Williams Mullen
200 South 10th Street, Suite 1600
Richmond, VA 23218
Telephone: (804) 420-6000
Facsimile: (804) 420-6507
Email: hjohnson@williamsmullen.com
      abird-johnson@williamsmullen.com
*Counsel for Defendant Liberty University, Inc.*

**CHARLES TIPPETT**

By: /s/ John Ernest Falcone
John Ernest Falcone
Luke Joseph Malloy, III.
Petty, Livingston, Dawson & Richards, P.C.
925 Main Street, Suite 300
P.O. Box 1080, Lynchburg, Virginia 24505
Phone (direct): (434) 455-5936
Fax: (434) 847-0141
Email: jfalcone@pldrlaw.com
      lmalloy@pldrlaw.com
*Counsel for Defendant Charles Tippett*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon all parties registered for electronic notification via the Court's electronic filing system on December 20, 2022.

        **LIBERTY UNIVERSITY, INC.,**

        By: /s/ Harold E. Johnson
        Harold E. Johnson, Esquire (VSB #65591)
        Amanda H. Bird-Johnson, Esquire (VSB #92110)
        Williams Mullen
        200 South 10th Street, Suite 1600
        Richmond, VA  23218
        Telephone: (804) 420-6000
        Facsimile: (804) 420-6507
        Email: hjohnson@williamsmullen.com
        abird-johnson@williamsmullen.com
        *Counsel for Defendant Liberty University, Inc.*